IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

GERALD HENNEGHAN )
                 )
    Plaintiff,   )
                 )
    v.           )  1:09cv804 (LMB/IDD)
                 )
JOHN J. SKINNER, Chief of )
Police, Manassas City Police )
Department, et al. )
                 )
    Defendants. )

## MEMORANDUM OPINION

On February 12, 2010, the defendant, John J. Skinner, Chief of Police Manassas City Police Department ("Police Department") filed a Motion to Dismiss and Motion for Summary Judgment [13], which included the full Roseboro warning to the pro se plaintiff as required by Local Civil Rule 7(K). By failing to respond to the motion, plaintiff has not contested any of the facts alleged in that motion. Accordingly, on the basis of the written record before the Court, the defendant's motion will be granted without oral argument.

Plaintiff, Gerald Henneghan (Henneghan), filed a twelve-count complaint against John J. Skinner, the Chief of Police, Manassas City Police Department ("Skinner") and Henry's Wrecker Service Company of Fairfax County ("Henry's Wrecker") alleging that the defendants' conduct in connection with the ticketing and subsequent towing, storing, and sale of his 1984 BMW violated various federal rights and was done with discriminatory and retaliatory intent based on his race, gender, and origin.

Henneghan seeks $1 million in damages per count.

Skinner seeks a dismissal of this action because Henneghan fails, as a matter of law, to allege a proper basis for this court's subject matter jurisdiction. In paragraph 4 of his complaint Henneghan invokes the court's jurisdiction under 28 U.S.C. § 1331, which sets out the requirements for diversity jurisdiction. Diversity jurisdiction does not exist if the plaintiff and any defendant are residents of the same state. Because plaintiff and both defendants are Virginia residents, there is no basis for diversity jurisdiction. The plaintiff also appears to claim federal question jurisdiction by referring to the Civil Rights Act of 1964. Although the complaint includes in the description of the parties a statement that "plaintiff at all times during the course of his employment by the defendants performed his job duties in an acceptable manner," this lawsuit is clearly not about employment discrimination, as there is not a single allegation of an employment relationship between plaintiff and either the Police Department or Henry's Wrecker.

Reading the complaint generously because the plaintiff is pro se, the only other basis for federal question jurisdiction could be an equal protection claim (that he was treated differently than similarly situated persons because of his race) or that his Fourth Amendment rights were violated when the police department determined that his BMW was abandoned and seized it by ordering that it be towed.

Specifically, Henneghan alleges that the Police Department

2

discriminated against him and treated him disparately when on August 13, 2007, it issued a traffic citation to his 1984 BMW for expired registration and later called Henry's Wrecker to tow the BMW after Henneghan failed to move it from the public roadway. On October 1, 2007, Henneghan filed for bankruptcy protection, a part of which involved his effort to obtain a release of the BMW. He complains that Henry's Wrecker refused to release the car and threatened to retitle it and sell it at public auction. Henneghan alleges that the wrecking company did not subject white customers to similar treatment and that this conduct was discriminatory and disparate based on his race, sex, place of origin, and retaliation for filing for bankruptcy.

As Skinner correctly argues, claims against city officials such as the Chief of Police in his official capacity are treated as claims against the city itself. Giancola v. State of W.Va. Dept. of Public Works, 830 F.2d 547, 550 (4th Cir. 1987). Because under Monell v. New York City Dept. of Social Services, 436 U.S. 658, 663 n.7 (1978), a city cannot be held liable for alleged violations of civil rights by its employees under respondeat superior, the City of Manassas could only be liable if it enacted a policy, practice, or custom that violated plaintiff's rights. Such activity has not been alleged by Henneghan, nor do the factual allegations support such a claim, therefore, this Court has no federal question subject matter jurisdiction over any of the claims against the Chief of Police. Accordingly, defendant Skinner's Motion to Dismiss will be

3

granted.

Even if the Court had subject matter jurisdiction, the defendant's Motion for Summary Judgment would be granted on the basis of the uncontested facts defendant has presented. Those uncontested facts consist of the affidavits and exhibits submitted by the defendant, including an affidavit of John Findlay, a Police Department officer since December 2006, who avers that on August 7, 2007, he saw a 1984 BMW 318i car parked in front of 9254 George Street, a public street in the City of Manassas, displaying Virginia license plates and tags that expired on June 30, 2007. He issued a traffic citation and placed it on the car. Six days later, on August 13, 2007, Findlay saw the same car, with the same expired tags, parked in the same spot. Following department procedure he ran the license plate number through his VCIN system to learn the name and address of the registered owner. He then prepared a tow sheet to have the car towed. Findlay explains that he did not know the owner of the car and that the only information he had about the owner came from the state motor vehicle data base. In particular, Findlay did not know the race or any details about the owner when he wrote the ticket, and was unaware of any past dealings plaintiff may have had with the Police Department.

Findlay described the process for choosing a towing service, explaining that the city maintains a list of different towing companies. To qualify for the list a company must maintain a minimum number of tow trucks, have adequate lot space, and submit

4

to an annual inspection. Defendant Henry's Wrecker was one of seven towing companies on that list at that time. The Public Safety Community Center keeps a list of the authorized companies. Once one is dispatched, its name goes to the bottom of the list so that all the towing companies get equal chances to respond to towing orders.

Attached to Findlay's affidavit is a copy of the traffic citation, which includes a warning that towing would be requested if the car was not moved within four days. It also lists the fine for not having a current state registration as $25.00. The tow sheet Findlay filled out on August 13, 2007, is also attached. It lists the reason for the tow order as "abandoned" and lists the registered owner as Henneghan, Gerald, 9588 Green Road, Midland, VA 22728.

Lt. William Hutchinson of the Police Department submitted an affidavit in which he explained how plaintiff was sent notice on August 27, 2007, that his car had been towed. That notice, which is attached to the affidavit, explains that Henry's Wrecker had towed the car at the police department's direction and was storing it. The letter also advises Henneghan that storage fees might be accruing and provided contact information for the towing company and police department.

Obviously Henneghan did not respond to the traffic citation because attached to Hutchison's affidavit is a copy of a Notification of Delinquent Parking Violation, which was sent to plaintiff on August 27, 2007, indicating that his penalty had

doubled to $50.00, and that failure to pay the ticket within five days could result in collection action. The final notice, sent on September 19, 2007, is also attached.

Hutchinson averred that the addresses on all these notices was the address listed in the state's motor vehicle registration records. Lastly, he avers that in the year 2007, the Police Department issued 1,258 tickets for vehicles with expired license plates or tags, and that 128 of these tickets were issued in August 2007. He could not supply statistics as to the number of tow requests issued.

The evidence unequivocally establishes that neither Henneghan's race, gender, nor national origin played any role in the police department's conduct. As the defendant correctly points out, under Virginia law it is unlawful to operate a motor vehicle on a Virginia public roadway if the vehicle is not lawfully registered and validly displaying license plates which show current registration. Va. Code §§ 46.2-600, 46.2-712. Police have the right to declare a motor vehicle "abandoned" if it remains on a public roadway illegally for more than 48 hours. Va. Code § 46.2-1200.

Therefore, the record lacks a scintilla of evidence that the defendant, Skinner, in any respect violated any of plaintiff's federally protected rights, and summary judgment would have been granted in defendant's favor if the Court had subject matter jurisdiction.

Whether a federal court has subject matter jurisdiction "may

be raised at any time by either party or *sua sponte* by the court." Plyer v. Moore, 129 F.3d 728, 731 n.6 (4th Cir. 1997). Accordingly, the Court has also evaluated whether it has subject matter jurisdiction over the claims against the remaining defendant, Henry's Wrecker. For the same reasons discussed above, the Court finds that there is no diversity jurisdiction over this defendant because the wrecking company and plaintiff are both citizens of Virginia.

Moreover, Henneghan has not alleged any independent action on the part of the towing company in connection with the decision to tow or store the car. To the contrary, the co-defendant's evidence establishes that the decision to tow the car was made by the police department and that this defendant became involved simply due to it being the next company in line to be issued a towing order. On these uncontested facts, there is not a scintilla of evidence that defendant Henry's Wrecker's towing or storing the BMW were motivated by a discriminatory or retaliatory intent. Accordingly, there is no subject matter jurisdiction over those claims, which will be dismissed by the Court *sua sponte*.

Plaintiff's claim regarding his bankruptcy is difficult to decipher, but read broadly it appears to allege that Henry's Wrecker somehow violated the automatic stay. However, the public record of plaintiff's bankruptcy proceeding shows that the bankruptcy court has already addressed that issue, finding that the defendant's auction of the BMW violated the stay and ordered

Henry's Wrecker to pay Henneghan $600.00. <u>Henneghan v. Henry's Wrecker Service</u>, Adv. Proc. No. 07-1147(RGM) (E.D.Va. June 18, 2008). To the extent Henneghan is trying to relitigate Henry's Wrecker's sale of the car, that issue has been fully adjudicated, and Henneghan is foreclosed from reopening the claim under the doctrine of <u>res</u> <u>judicata</u>. Further, Henneghan's Chapter 13 bankruptcy petition was dismissed, not discharged, after he failed to fulfill payment obligations under the bankruptcy payment plan. Accordingly, he did not receive the protection of a discharge, and has therefore not alleged any basis on which to claim defendant Henry's Wrecker has violated any of his rights concerning the bankruptcy proceedings. <u>In re: Gerald Henneghan</u>, 1:07-12788(RGM) (June 27, 2008), <u>appeal dismissed</u>, <u>Henneghan v. O'Donnell</u>, No. 1:08cv1034(TSE/IDD) (E.D.Va. October 31, 2008).

For all these reasons, the Court will dismiss all claims pending against both defendants John J. Skinner and Henry's Wrecker Service Company of Fairfax County.

An Order dismissing the complaint will be issued with this Memorandum Opinion.

Entered this 19th day of March, 2010.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge